IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | **NO. 13-3181** |
| | : | |
| **COMMISSIONER LOUIS GIORLA,** | : | |
| et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                    August 23, 2013

      Mr. Charles Talbert has filed this action pursuant to 42 U.S.C. § 1983 against various officials and staff members of the Curran-Fromhold Correctional Facility alleging violations of his constitutional rights. The moving defendants[1] have filed a motion to dismiss this complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. They argue that due to various deficiencies in the complaint, it is impossible to comprehend or adequately respond to the plaintiff's allegations. After review of the complaint, I must agree. Accordingly, for the reasons that follow, I will grant the motion to dismiss in its entirety without prejudice, and grant the plaintiff leave to file an amended complaint.

**I. BACKGROUND**

      Initially, I note that I must construe this complaint liberally. As the Supreme Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a *pro se* complaint,

---

[1] Out of eleven named defendants in this action, only ten have moved for its dismissal. Nurse Practitioner Gay, the eleventh defendant, is represented separately and has filed an Answer to the complaint. See Document #8.

"however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Id. at 520-521 (quoting Conley v. Gibson, 355 U.S. at 45-46).

Nevertheless, after a careful review of this handwritten *pro se* complaint, it is extremely difficult to decipher what exactly the plaintiff is alleging or what relief he is seeking. The complaint appears to allege several violations of his constitutional rights which occurred during his incarceration at the Curran-Fromhold Correctional Facility in Philadelphia. Unfortunately, however, several pages in the complaint are missing including the ones which contain Paragraphs #32 through #44. On many other pages of the complaint, the sides have been cut off rendering them indecipherable. This may have occurred during photocopying.

## II.  STANDARD FOR MOTIONS TO DISMISS

The defendants seek dismissal of this complaint without prejudice pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual

allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. at 680 (emphasis added).

### III. DISCUSSION

Certainly, a plaintiff has the right to bring claims into court and expect to be heard. In this case, however, it is more than unreasonable to expect the moving defendants to have to piece together words and phrases, and guess what words might have been in the severed part of the pages of the complaint. To frame a responsive pleading, a defendant should not be required to rely on bits and pieces and other clues to make such a determination.

A district court should ordinarily allow a *pro se* plaintiff to amend his complaint, unless amendment would be inequitable or futile. Grayson v. Mayview State Hospital, 293 F.3d 103, 113-114 (3d Cir. 2002). Here, it may well be that amendment of the complaint would be futile. Neither the court nor the defendants can be certain of what the complaint is alleging in its current condition. Out of an abundance of caution, however, I will give the plaintiff the opportunity to amend the complaint in conformance with the Federal Rules of Civil Procedure. I stress for the plaintiff the importance of clarity and organization, keeping in mind the goal of placing the defendants on notice of the claims being asserted against them. The complaint must contain enough factual matters to suggest the required elements of the claims, or to raise a reasonable expectation that discovery will reveal evidence of those elements. I must also caution the plaintiff that, in amending the complaint, he should be careful to avoid including any frivolous, vague, or ambiguous allegations. An appropriate Order follows.